UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 0:11-CV-61167-JORDAN

FLIP FACE USA, LLC,

    Plaintiff,

v.

HOME DEPOT U.S.A., INC.,
WOODGRAIN MILLWORK, INC. and
MILLSOURCE, INC. d/b/a WOODGRAIN
DISTRIBUTION,

    Defendants.
_____/

**HOME DEPOT'S ANSWER, OTHER DEFENSES, COUNTERCLAIMS
AND REQUEST FOR JURY TRIAL**

Defendant, Home Depot U.S.A., Inc. ("Home Depot"), responds to the complaint filed by plaintiff, Flip Face USA, LLC ("Plaintiff), as follows:

**ANSWER**

1.    Paragraph 1 of the complaint states a conclusion of law with respect to which no response is here required by Home Depot.

2.    Paragraph 2 of the complaint states conclusions of law with respect to which no response is here required by Home Depot.

3.    Home Depot lacks sufficient information or knowledge either to admit or deny the statements in Paragraph 3 of the complaint. Home Depot has located the Electronic Articles of Organization reflecting the allegations contained in this paragraph.

4.    Home Depot admits that it is engaged in interstate commerce and conducts business in this district. Home Depot denies all other allegations contained in this paragraph,

and specifically denies the existence of any company by the name of "The Home Depot U.S.A., Inc."

5.  Home Depot admits that Millsource Inc. d/b/a Woodgrain Distribution ("Millsource") and Woodgrain Millwork, Inc. ("WMI") have been engaged in interstate commerce. Home Depot lacks sufficient information or knowledge either to admit or deny the remaining statements in Paragraph 5 of the complaint and, on that basis, denies them.

6.  Paragraph 6 of the complaint is denied.

7.  Paragraph 7 of the complaint states conclusions of law with respect to which no response is here required by Home Depot. To the extent paragraph 7 alleges statements of fact, Home Depot denies the allegations.

8.  Paragraph 8 of the complaint is denied.

9.  Home Depot admits that U.S. Patent D623,771 and U.S. Patent Application 2011/0016810 are purportedly attached to the Complaint as Exhibits "B" and "C," and speak for themselves. Home Depot lacks sufficient information or knowledge either to admit or deny the remaining statements in Paragraph 9 of the complaint and, on that basis, denies them.

10. Home Depot lacks sufficient information or knowledge either to admit or deny the statements in Paragraph 10 of the complaint and, on that basis, denies them.

11. Home Depot lacks sufficient information or knowledge either to admit or deny the statements in Paragraph 11 of the complaint and, on that basis, denies them.

12. Paragraph 12 of the complaint is denied.

13. Home Depot admits the existence of meetings but states that no agreement was ever reached with Plaintiff or Alexandria Moulding regarding Flip Face. The balance of the allegations in Paragraph 13 of the complaint are, however, denied.

14. Home Depot admits that it markets two-sided crown molding products. The balance of Paragraph 14 of Plaintiff's complaint is, however, denied.

15. Home Depot admits the existence of a video regarding two sided crown molding product on its website, the specific statements of which speak for themselves, and denies any allegations which vary from or are inconsistent with that video.

16. Home Depot admits that it has sold a crown molding finish product identifiable as "Finished Elegance" and that a copy of an advertisement of that product is attached as Exhibit "A" to the complaint. Home Depot lacks sufficient information or knowledge either to admit or deny the statements in Paragraph 16 of the complaint concerning when plaintiff learned of such facts and, on that basis, denies them.

17. Home Depot admits that Millsource is a supplier to Home Depot of certain crown molding-related products that are identifiable as "Perfect Cut Crown" and "Finished Elegance." The balance of Paragraph 17 of the complaint is denied.

18. Home Depot admits that U.S. Patent D623,771 and U.S. Patent Application 2011/0016810 are purportedly attached to the Complaint as Exhibits "B" and "C." Home Depot denies all other allegations contained in Paragraph 18 of the complaint.

19. Paragraph 19 of the complaint is denied.

20. Paragraph 20 of the complaint is denied.

21. Paragraph 21 of the complaint speaks for itself and requires no response by Home Depot.

## COUNT I:  TEMPORARY AND PERMANENT INJUNCTIVE RELIEF

22. Home Depot repeats and realleges its responses above to Paragraphs 1 through 21 of the complaint, inclusive, as if fully set forth herein.

23. Paragraph 23 of the complaint states a legal conclusion with respect to which no response is required by Home Depot.

24. The cited section of the Patent Code speaks for itself, and Home Depot denies any allegations that vary from or are inconsistent with that section.

25. Paragraph 25 of the complaint is denied.

26. Paragraph 26 of the complaint is denied.

27. Paragraph 27 of the complaint is denied.

28. Paragraph 28 of the complaint is denied.

29. Paragraph 29 of the complaint is denied.

The prayer for relief regarding Count I of Plaintiff's complaint requires no response by Home Depot. Home Depot nevertheless denies the propriety of any award or relief in favor of Plaintiff.

## COUNT II: WILLFUL PATENT INFRINGEMENT

30. Home Depot repeats its responses above to Paragraphs 1 through 29 of the Complaint, inclusive, as if fully set forth herein.

31. Paragraph 31 of the complaint states a legal conclusion with respect to which no response is required by Home Depot.

32. Paragraph 32 of the complaint is denied.

33. Paragraph 33 of the complaint is denied.

34. Paragraph 34 of the complaint is denied.

35. Paragraph 35 of the complaint is denied.

The prayer for relief regarding Count II of Plaintiff's complaint requires no response by Home Depot. Home Depot nevertheless denies the propriety of any award or relief in favor of Plaintiff.

All of the statements or allegations in Plaintiff's complaint are denied, except to the extent that they are admitted expressly above.

### ADDITIONAL DEFENSES

1. Miami-Dade County, Florida is not the proper venue for this action, which should instead be transferred to the U.S. District Court for the Northern District of Georgia pursuant to 28 U.S.C. § 1404(a).

2. Plaintiff's claims are barred wholly or in part because Plaintiff has failed to state a cause of action for which relief may be granted, including with respect to purported "claims" that are properly styled as requests for relief (Count I), and including with respect to "willfulness" claims.

3. Plaintiff's claims are barred wholly or in part as a consequence of Plaintiff's lack of standing to bring its claims of patent infringement.

4. Plaintiff's claims are barred wholly or in part because the patents upon which Plaintiff's claims are based fail to satisfy the conditions of patentability as specified under one or more sections of Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103 and 112.

5. Plaintiff is estopped wholly or in part from claiming infringement by Home Depot of one or more of the patents alleged in Plaintiff's complaint as a consequence of the proceedings

in the U.S. Patent and Trademark Office during the prosecution of the applications that resulted in the alleged issuance of the patents claimed or sought by Plaintiff.

6.  Plaintiff's patent infringement claims are barred wholly or in part by the doctrines of laches, prosecution laches, waiver, estoppel and / or unclean hands.

7.  Plaintiff's claims for damages for patent infringement are limited by 35 U.S.C. § 287 to those damages occurring only after notice of infringement.

Home Depot reserves the right to assert any additional defenses that may become apparent or appropriate as a consequence of the further development of the factual record of this case.

WHEREFORE, Home Depot requests that the Court enter a judgment in favor of Home Depot: (i) dismissing Plaintiff's causes of action with prejudice; (ii) determining this case to be exceptional pursuant to 35 U.S.C. § 285 and awarding Home Depot its litigation costs, including attorneys fees; and (iii) granting Home Depot all additional relief that the Court may deem appropriate.

## COUNTERCLAIMS

Home Depot U.S.A., Inc. ("Home Depot") counterclaims against Flip Face USA, LLP ("Flip Face") as follows:

1.  Home Depot is a corporation organized and existing under the laws of the state of Delaware, with a principal place of business in Atlanta, Georgia, and is a vendor of the products identified in the complaint.

2. On information and belief, Flip Face is a newly established Florida corporation.

3. Home Depot here seeks declaratory relief, pursuant to 28 U.S.C. §§ 2201 and 2202, confirming that Home Depot has not infringed upon Flip Face's alleged patents and that the patents claimed by Flip Face are invalid, for the reasons stated below.

4. The Court has subject matter jurisdiction over this controversy pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under Title 35 of the United States Code, which relates to patents.

5. The Court has jurisdiction over Flip Face as a consequence of Flip Face's incorporation here and commencement of this litigation in this venue.

**Count I: Declaratory Judgment Regarding Non-Infringement of Patent**

6. Home Depot realleges as if set forth fully herein the allegations in Paragraphs 1 through 5 above of these counterclaims.

7. Flip Face alleges ownership of the U.S. Patent No. D623,771, titled "Two Sided Crown Molding" (the "'771 Patent"), and has initiated the above captioned litigation in which Flip Face alleges that Home Depot has infringed upon the '771 Patent.

8. Home Depot has not infringed and does not infringe the '771 Patent, either directly or indirectly, literally or under the doctrine of equivalents.

9. An actual case or controversy exists between Home Depot and Flip Face in light of Flip Face's initiation of the above captioned litigation against Home Depot alleging infringement of the '771 Patent.

10. Home Depot has been damaged by Flip Face as a consequence of the initiation by Flip Face of the above captioned litigation against Home Depot.

11. Declaratory relief is both appropriate and necessary to establish that Home Depot does not infringe the '771 Patent, either directly or indirectly, literally or under the doctrine of equivalents.

WHEREFORE, Home Depot requests that the Court enter a judgment in favor of Home Depot: (i) declaring that Home Depot has not infringed and does not infringe the '771 Patent, either directly or indirectly; (ii) determining this case to be exceptional pursuant to 35 U.S.C. § 285 and awarding Home Depot its attorneys fees and other litigation costs; and (iii) granting Home Depot all additional relief that the Court may deem appropriate.

### Count II: Declaratory Judgment Regarding Invalidity of Patent

12. Home Depot realleges as if set forth fully herein the allegations in Paragraphs 1 through 11 above of these counterclaims.

13. Flip Face alleges ownership of the U.S. Patent No. D623,771, titled "Two Sided Crown Molding" (the "'771 Patent").

14. Home Depot alleges on information and belief that one or more claims of the '771 Patent are invalid for failing to comply with one or more provisions of the patent laws—i.e., 35 U.S.C. § 1 et seq.—including but not limited to 35 U.S.C. §§ 101, 102, 103 and 112.

15. Flip Face has alleged infringement of the '771 Patent by Home Depot in the above captioned litigation.

16. Home Depot has been damaged by Flip Face as a consequence of the initiation by Flip Face of the above captioned litigation against Home Depot based upon a patent that is invalid.

17. Declaratory relief is both appropriate and necessary to establish that the '771 Patent is invalid, and thus may not be asserted against Home Depot.

WHEREFORE, Home Depot requests that the Court enter a judgment in favor of Home Depot: (i) declaring that the '771 Patent and all claims therein are invalid; (ii) determining this case to be exceptional pursuant to 35 U.S.C. § 285 and awarding Home Depot its attorney's fees and other litigation costs, including attorney's fees; and (iii) granting Home Depot all additional relief that the Court may deem appropriate.

## REQUEST FOR JURY TRIAL

Home Depot requests a trial by jury with respect to all matters that are so triable.

Dated:  July 14, 2011

Respectfully submitted,

By:  s./  Gustavo J. Lamelas
C. Ryan Reetz (FBN 934062)
ryan.reetz@dlapiper.com
Gustavo J. Lamelas (FBN 995983)
gustavo.lamelas@dlapiper.com
**DLA PIPER LLP (US)**
200 S. Biscayne Blvd., Ste. 2300
Miami, Florida 33143
Telephone:  (305) 423-8500
Facsimile:  (305) 468-6347

Nicholas G. Papastavros
*Pro hac vice admission pending*
nick.papastavros@dlapiper.com
**DLA PIPER LLP (US)**
33 Arch Street, 26th Floor
Boston, Massachusetts 02110-1447
Telephone:  (212) 335-4500
Facsimile:  (212) 335-4501

Tamar Y. Duvdevani
*Pro hac vice admission pending*
tamar.duvdevani@dlapiper.com
**DLA PIPER LLP (US)**
1251 Avenue of the Americas
New York, New York 10020-1104
Telephone:  (617) 406-6019
Facsimile:  (617) 406-6119

***COUNSEL FOR DEFENDANTS***

CASE NO. 0:11-CV-61167-JORDAN

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by means of the Court's CM/ECF system, on July 14, 2011, on all parties and counsel of record identified on the Service List below.

By: s./ Gustavo J. Lamelas

## SERVICE LIST

Alexander D. Brown, Esq.
adb@trippscott.com
**TRIPP SCOTT, P.A.**
110 S.E. 6th Street, 15th Floor
Fort Lauderdale, FL  33301
Telephone:  (954) 525-7500
Facsimile:  (954) 761-8475
Attorneys for Plaintiff, Flip Face U.S.A., LLC

Peter G. Herman, Esq.
pgh@trippscott.com
**TRIPP SCOTT, P.A.**
110 S.E. 6th Street, 15th Floor
Fort Lauderdale, FL  33301
Telephone:  (954) 525-7500
Facsimile:  (954) 761-8475
Attorneys for Plaintiff, Flip Face U.S.A., LLC